# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VEDAS ENGINEER,<br><br>  Petitioner,<br><br>  v.<br><br>WARDEN, FCI MENDOTA,<br><br>  Respondent. | Case No. 1:23-cv-00125-EPG-HC<br><br>ORDER GRANTING RESPONDENT'S MOTION TO DISMISS, DISMISSING PETITION FOR WRIT OF HABEAS CORPUS AS MOOT, AND DIRECTING CLERK OF COURT TO CLOSE CASE<br><br>(ECF No. 14) |

Petitioner Vedas Engineer is proceeding *pro se* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. The parties have consented to the jurisdiction of a United States Magistrate Judge. (ECF Nos. 4, 10, 11.) For the reasons stated herein, the Court grants Respondent's motion to dismiss and dismisses the petition as moot.

## I.

## BACKGROUND

In the petition, Petitioner challenges a Federal Bureau of Prisons' ("BOP") policy of refusing to allow prisoners with immigration detainers or unresolved immigration status to earn First Step Act ("FSA") Time Credits ("FTCs") and/or apply FTCs. (ECF No. 1.) Respondent has filed a motion to dismiss the petition, arguing, *inter alia*, that there is no case or controversy because Petitioner has earned and applied FTCs resulting in his release from BOP custody. (ECF No. 14 at 2–3.)[1] To date, Petitioner has not filed an opposition or statement of non-opposition to the motion to dismiss, and the time for doing so has passed.

---

[1] Page numbers refer to the ECF page numbers stamped at the top of the page.

## II.

## DISCUSSION

The jurisdiction of federal courts is limited to "actual, ongoing cases or controversies." Lewis v. Continental Bank Corp., 494 U.S. 472, 477 (1990). "This case-or-controversy requirement subsists through all stages of federal judicial proceedings," which "means that, throughout the litigation, the plaintiff 'must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision.'" Spencer v. Kemna, 523 U.S. 1, 7 (1998) (quoting Lewis, 494 U.S. at 477).

The record before the Court shows that Petitioner was released from BOP custody on March 2, 2023, with 365 days of applied FSA credits. (App. 023–024.)[2] Given that Petitioner has received the remedy to which he would have been entitled had this Court rendered a favorable judicial decision on his petition, the Court finds that no case or controversy exists and dismissal is warranted on this ground.[3]

## III.

## ORDER

Accordingly, the Court HEREBY ORDERS:

1. Respondent's motion to dismiss (ECF No. 14) is GRANTED;
2. The petition for writ of habeas corpus is DISMISSED as MOOT; and
3. The Clerk of Court is DIRECTED to CLOSE the case.

IT IS SO ORDERED.

Dated: **June 28, 2023**         /s/ Erica P. Grosjean
                                  UNITED STATES MAGISTRATE JUDGE

---

[2] "App." refers to the Appendix filed by Respondent on April 25, 2023. (ECF No. 14-1.) Appendix page numbers refer to the page numbers stamped at the bottom right corner.

[3] As the Court finds that the petition should be dismissed for lack of case or controversy, the Court will not address Respondent's other grounds for dismissal set forth in the motion to dismiss.